UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYREESE BOWENS,      : | |
|     Petitioner,      : | |
| : | |
| v.      : | Case No. 3:20-cv-355 (KAD) |
| : | |
| ROLLIN COOK,      : | |
|     Respondent.      : | |

**MEMORANDUM OF DECISION**

Kari A. Dooley, U.S.D.J.

The petitioner, Tyreese Bowens ("Bowens"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 conviction for murder. Upon initial review, the court observed that the petition appeared to be barred by the applicable statute of limitations and ordered Bowens to show cause why the petition should not be dismissed on that basis.[1]

**Background**

On June 10, 1998, Bowens was convicted after a jury trial on a charge of murder. Doc. No. 1 at 1. He was sentenced to a term of imprisonment of fifty years. *Bowens v. Warden*, No, CV0300411, 2005 WL3471456, at *2 (Conn. Super. Ct. Nov. 11, 2005). Bowens' conviction was affirmed on direct appeal. *State v. Bowens*, 62 Conn. App. 148, 149, 773 A,2d 977, 979 (2000). The Connecticut Supreme Court denied certification to appeal on April 18, 2001. S*tate v. Bowens*, 256 Conn. 907, 772 A.2d 600 (2001). Bowens did not file a petition for certiorari in

---

[1] The order, entered on March 23, 2020, afforded Bowens thirty days to file his response and cautioned him that failure to do so would result in dismissal of this case. Doc. No. 4 at 5. Bowens filed his response on June 30, 2020. He neither sought an extension of time to submit his response nor explained his failure to timely comply with the order. However, because Bowen is *pro se* and in light of the pandemic which has significantly impacted correctional facilities in this state, the court considers the merits of his response.

the United States Supreme Court. Doc. No. 1 at 3.

Bowens filed an application for sentence review. By state rules, these applications must be filed within thirty days of sentencing. Conn. R. Super. Ct. Crim. § 42-24. The court assumes that the application was timely filed. Bowens' sentence was affirmed on September 12, 2003. *State v. Bowens*, No. CR96436046, 2003 WL 22206244 (Conn. Super. Ct. Sept. 12, 2003).

On August 3, 2003, while the application for sentence review was pending, Bowens filed his first petition for writ of habeas corpus in state court, asserting claims of ineffective assistance of counsel, actual innocence, and trial error. The petition was denied on November 18, 2005. *Bowens v. Warden*, No. CV030000411, 2005 WL 3471456 (Conn. Super. Ct. Nov. 18, 2005). Bowens appealed the denial only on the claim for ineffective assistance of counsel. The denial was affirmed. *Bowens v. Commissioner of Correction*, 104 Conn. App. 738, 739, 936 A.2d 653, 653 (2007). On March 6, 2008, the Connecticut Supreme Court denied certification to appeal. *Bowens v. Commissioner of Correction*, 286 Conn. 905, 944 A.2d 978 (2008).

In 2014, Bowens filed his second state habeas petition challenging his conviction on grounds of actual innocence, denial of due process, ineffective assistance of trial and habeas counsel, and cruel and unusual punishment based on Bowens' age at the time of the offense. The petition was denied on September 7, 2017. *Bowens v. Warden*, No. CV144006577S, 2017 WL 4873116 (Conn. Super. Ct. Sept. 7, 2017). The Connecticut Supreme Court affirmed the denial on October 22, 2019. *Bowens v. Commissioner of Correction*, 333 Conn. 502, 217 A.3d 609 (2019).

While the second state habeas was pending, Bowens filed a motion to correct illegal sentence. The trial court dismissed the motion and the Connecticut appellate court stayed the

appeal pending resolution of the second state habeas appeal. *Bowens*, 333 Conn. at 539-40, 217 A,3d at 631.

Bowens signed the certification on this petition on February 5, 2020, Doc. No. 1 at 22, and the envelope is postmarked the same day. *Id.* at 23. The filing fee was received, and the petition was entered on the court docket, on March 16, 2020. Bowens identifies eight challenges to his conviction: (1) the trial court improperly dismissed an alternate juror, (2) the trial court improperly denied his motion to suppress the out-of-court photographic identification, (3) ineffective assistance of trial counsel, (4) actual innocence, (5) denial of due process, (6) ineffective assistance of counsel, (7) ineffective assistance of habeas counsel, and (8) cruel and unusual punishment because he was under eighteen years of age at the time of the incident.

**Standard of Review**

Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period generally commences when the petitioner's conviction becomes final. That date is defined as the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed,[2] *id.*, and may be tolled for the period during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §

---

[2] The statute also provided that the limitations period may commence on
…
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; …

28 U.S.C. § 2244(d)(1). This provision is discussed *infra.* as it relates to Bowens' claim that his sentence amounts to cruel and unusual punishment.

2244(d)(2); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (direct review of a conviction includes review by Supreme Court on petition for writ of certiorari).

The limitations period may be equitably tolled if the petitioner can show that extraordinary circumstances prevented him from timely filing his petition and that he acted with reasonable diligence during the entire period he seeks to have tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In addition, if the petitioner can establish actual innocence, this too can permit him to obtain review of a claim for which the limitations period has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

**Discussion**

Bowens' conviction became final on July 27, 2001, at the conclusion of the ninety-day period during which he could have filed a petition for certiorari in the United States Supreme Court. The limitations period was immediately tolled, however, by the pending application for sentence review and, then was further tolled during the pendency of the first state habeas petition. Therefore, for all but one of Bowens' claims, which the court discusses below, the limitations period began to run on March 8, 2008, the date the Connecticut Supreme Court denied certification on the first state habeas petition and it expired one year later, on March 8, 2009. These claims are, absent equitable tolling, time barred.

The last of Bowens' claims, however, that his sentence constitutes cruel and unusual punishment because he was seventeen at the time of the offense, is based on the Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460 (2012), which prohibits mandatory life sentence without possibility of parole for juvenile offenders. Bowens first asserted this claim in the 2014 second state habeas petition as well as the motion to correct illegal sentence.

4

As noted above, where a claim is based on a newly recognized right, the one-year limitations period to assert that claim in a federal habeas action commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[3] 28 U.S.C. § 2244(d)(1)(C). The limitations period begins to run on the date the right was initially recognized, not the date it was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 358-59 (2005). *Miller* was decided on June 25, 2012. Thus, Bowens had until June 25, 2013, to assert this claim. But he did not do so until he filed the second state habeas until September 5, 2014, well past the deadline.[4] Moreover, there were no other pending collateral challenges to his conviction or sentence that would toll the limitations period on the *Miller* claim. Thus, absent equitable tolling, the *Miller* claim is also time-barred.

In response to the order to show cause, Bowens does not dispute that the limitations period has expired. Rather, he contends that the limitations period should be equitably tolled or that he should be permitted to proceed on his claims despite the limitations bar because he is actually innocent.

**Equitable Tolling**

Bowens contends that the limitations period should be equitably tolled because his attorney told him that he could not file a federal petition while his claim of actual innocence was being investigated, the prison library was inadequate, and Inmates' Legal Assistance Program

---

[3] *Miller* was made retroactive on state collateral review in *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718 (2016).

[4] The filing date is available on the state judicial branch website, civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV144006577S.

will not provide assistance in challenging a conviction.

An attorney is his client's agent. Thus, the client generally "must 'bear the risk of attorney error.'" *Holland*, 560 U.S. at 650 (quoting *Coleman v. Thompson*, 501 U.S. 772, 752-53 (1991)). "[A] garden variety claim of excusable neglect," therefore, does not warrant equitable tolling. *Id.* at 651-52. "[T]o constitute an 'extraordinary circumstance' for purposes of tolling § 2254's limitation period, attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas v, Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (citing *Holland*, 560 U.S. at 651); *see, e.g., Baldayque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (attorney actions including deliberately ignoring client's direction to file petition, doing no research on client's case, and never speaking to or meeting with client were sufficient to warrant equitable tolling).

Bowen claims states that his attorney told him that he could not file a federal habeas petition asserting a claim of actual innocence while that claim was being investigated. Doc. No. 8 at 2. As Bowens can file only one federal habeas petition without obtaining permission from the Court of Appeals, this advice may not have been misplaced. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring authorization from Court of Appeals before filing second or successive federal habeas petition). That the attorney may have failed to also consider the possible expiration of the limitations period may constitute negligence but does not amount to egregious conduct demonstrating abandonment of the attorney-client relationship. Indeed, it is implied that the attorney at issue was investigating the actual innocence claim at the time he gave Bowens this advice. Accordingly, the attorney's statement does not support equitable tolling. In addition, nor does Bowens allege any facts that would demonstrate that he exercised reasonable diligence

throughout the period he seeks to toll.

Bowens next states that the law library is inadequate and the Inmates' Legal Assistance Program does not provide legal assistance to challenge a conviction. Neither of these circumstances warrants equitable tolling. "Courts within the Second Circuit consistently have held that the lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling." *Francis v. Commissioner of Corr.*, No. 3:18-cv-847(SRU), 2019 WL 8223557, at *5 (D. Conn. Mar. 15, 2019) (citation and internal quotation marks omitted); *see, e.g., Perez v. Royce*, No. 20-CV-601(AMD)(LB), 2020 WL 1975244, at *3 (E.D.N.Y. Apr. 24, 2020) (lack of familiarity with the law, knowledge of the limitations period, or legal assistance do not warrant equitable tolling); *Washington v. Franklin Corr. Facility*, No. 9:19-CV-695(LEK/TWD), 2019 WL 6522003, at *2 n.2 (N.D.N.Y. Dec. 4, 2019) (inability to obtain legal assistance fails to satisfy extraordinary circumstances standard); *Rush v. Lempke*, No. 09-CV-3464(JFB), 2011 WL 477807, at *7 (E.D.N.Y. Feb. 2, 2011) (lack of familiarity with the law and lack of access to legal materials or court documents do not warrant equitable tolling) (collecting cases); *Giles v. Smith*, No. 10 Civ. 5322(PKC), 2010 WL 4159468, at *3 (S.D.N.Y. Oct. 8, 2010) (rejecting claim that equitable tolling was required because petitioner needed years of study to ascertain his claims); *Adkins v. Warden*, 585 F. Supp. 2d 286, 297 (D. Conn. 2008) (solitary confinement and associated lack of access to law library was insufficient to warrant equitable tolling), *aff'd* 354 F. App'x 564 (2d Cir. 2009), *cert. denied sub nom. Adkins v. Semple*, 131 S. Ct. 262 (2010); *Williams v. Breslin*, No. 3:03-cv-1848(RWS), 2004 WL 2368011, at *6 (S.D.N.Y. Oct. 20, 2004) (unfamiliarity with the law and attorney negligence do not constitute extraordinary circumstances to warrant equitable tolling).

**Actual Innocence**

Finally, Bowens contends that he is actually innocent.  The Supreme Court has held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin*, 569 U.S. at 386.  To satisfy this requirement, the petitioner must "persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt," a standard very difficult to meet.  *Id.* (citation and internal quotation marks omitted).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citation omitted).  To make a showing of actual innocence sufficient to proceed on his claims, Bowens must present a claim that is both "credible" and "compelling."

> For the claim to be "credible," it must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.  For the claim to be "compelling." The petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*Bryant v. Thomas*, 725 F. App'x 72, 73 (2d Cir. 2018) (quoting *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (internal citations and quotation marks omitted).

In his response to the order to show cause and in his petition, Bowens does not identify any new evidence which would bear on his guilt or innocence. In his petition, he asserts only that the evidence before the trial court was insufficient to support his conviction, Doc. No. 1 at 10, 11, which, as discussed, does not meet the requisite standard. *Bousley v. United States,* 523 U.S.

8

at 263-64. As Bowens only alleges, in conclusory fashion, that he is actually innocent, he has not demonstrated that he is entitled to proceed despite the expiration of the statute of limitations.

**Conclusion**

As Bowens has not demonstrated that the limitations period should be equitably tolled or that he should be permitted to proceed on his claim of actual innocence, the petition is DISMISSED as time-barred.

The Court concludes that jurists of reason would not find it debatable that Bowens failed to timely file his petition. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

The Clerk is directed to enter judgment and close this case.

It is so ordered.

**SO ORDERED** this 17th day of July 2020 at Bridgeport, Connecticut.

                                                      /s/
                                              Kari A. Dooley
                                              United States District Judge